1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   SERVICE EMPLOYEES                No.  2:14-cv-01056-TLN-DAD
     INTERNATIONAL UNION LOCAL
12   1021,

13            Plaintiff,              PRETRIAL SCHEDULING ORDER

14        v.

15   E CENTER,

16            Defendant.

17

18       After reviewing the parties' Joint Status Report, the Court

19   makes the following Pretrial Scheduling Order.

20       I.    SERVICE OF PROCESS

21       All named Defendants have been served and no further service

22   is permitted without leave of court, good cause having been

23   shown.

24       II.   ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

25       No joinder of parties or amendments to pleadings is

26   permitted without leave of court, good cause having been shown.

27       III.  JURISDICTION/VENUE

28       Jurisdiction is predicated upon 29 U.S.C. § 185.

                              1

1  Jurisdiction and venue are not contested.

2      IV.   DISCOVERY

3      All discovery, with the exception of expert discovery, shall

4  be completed by **June 16, 2015.**  In this context, "completed"

5  means that all discovery shall have been conducted so that all

6  depositions have been taken and any disputes relative to

7  discovery shall have been resolved by appropriate order if

8  necessary and, where discovery has been ordered, the order has

9  been obeyed.  All motions to compel discovery must be noticed on

10 the magistrate judge's calendar in accordance with the local

11 rules of this Court.

12     Any request to deviate from the Federal Rules of Civil

13 Procedure should be made to the assigned Magistrate Judge.

14     V.    DISCLOSURE OF EXPERT WITNESSES

15     All counsel are to designate in writing, file with the

16 Court, and serve upon all other parties the name, address, and

17 area of expertise of each expert that they propose to tender at

18 trial not later than **August 13, 2015.**[1]  The designation shall be

19 accompanied by a written report prepared and signed by the

20 witness.  The report shall comply with Fed. R. Civ. P.

21 26(a)(2)(B).

22     Within twenty (20) days after the designation of expert

23 witnesses, any party may designate a supplemental list of expert

24 witnesses who will express an opinion on a subject covered by an

25 expert designated by an adverse party.

26 ///

27 _____
[1] The discovery of experts will include whether any motions based on Daubert
28 v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and/or Kumho Tire
Co. v. Carmichael, 119 S. Ct. 1167 (1999) are anticipated.

The right to designate a supplemental expert for rebuttal purposes only shall apply to a party who has not previously disclosed an expert witness on the date set for expert witness disclosure by this Pretrial Scheduling Order.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial.  An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the Court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this Pretrial Scheduling Order, an "expert" is any person who may be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).

Each party shall identify whether a disclosed expert is percipient, retained, or both.  It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed.

///

1    Parties designating percipient experts must state in the

2  designation who is responsible for arranging the deposition of

3  such persons.

4    All experts designated are to be fully prepared at the time

5  of designation to render an informed opinion, and give their

6  bases for their opinion, so that they will be able to give full

7  and complete testimony at any deposition taken by the opposing

8  party.  Experts will not be permitted to testify at the trial as

9  to any information gathered or evaluated, or opinion formed,

10  after deposition taken subsequent to designation.

11    Counsel are instructed to complete all discovery of expert

12  witnesses in a timely manner in order to comply with the Court's

13  deadline for filing dispositive motions.

14    VI.   MOTION HEARING SCHEDULE

15    All dispositive motions, except motions for continuances,

16  temporary restraining orders or other emergency applications,

17  shall be heard no later than **December 10, 2015.**

18    All purely legal issues are to be resolved by timely

19  pretrial motions.  Local Rule 230 governs the calendaring and

20  procedures of civil motions with the following additions:

21    (a) The opposition and reply must be filed by 4:00 p.m. on

22        the day due; and

23    (b) When the last day for filing an opposition brief falls

24        on a legal holiday, the opposition brief shall be filed

25        on the last court day immediately preceding the legal

26        holiday.

27    Failure to comply with Local Rule 230(c), as modified by

28  this order, may be deemed consent to the motion and the court may

1  dispose of the motion summarily. Further, failure to timely

2  oppose a summary judgment motion[2] may result in the granting of

3  that motion if the movant shifts the burden to the nonmovant to

4  demonstrate that a genuine issue of material fact remains for

5  trial.

6      The Court places a page limit for points and authorities

7  (exclusive of exhibits and other supporting documentation) of

8  twenty (20) pages on all initial moving papers, twenty (20) pages

9  on oppositions, and ten (10) pages for replies.  All requests for

10 page limit increases must be made in writing to the Court setting

11 forth any and all reasons for any increase in page limit at least

12 fourteen (14) days prior to the filing of the motion.

13     For the Court's convenience, citations to Supreme Court

14 cases should include parallel citations to the Supreme Court

15 Reporter.

16     The parties are reminded that a motion in limine is a

17 pretrial procedural device designed to address the admissibility

18 of evidence.  The Court will look with disfavor upon

19 dispositional motions presented in the guise of motions in

20 limine.

21     The parties are cautioned that failure to raise a

22 dispositive legal issue that could have been tendered to the

23 court by proper pretrial motion prior to the dispositive motion

24 cut-off date may constitute waiver of such issue.

25 ///

26 ///

27

28

---

[2] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 260.

1      VII.   <u>FINAL PRETRIAL CONFERENCE</u>

2          The Final Pretrial Conference is set for **March 10, 2016,** at

3      **2:00 p.m.**  At least one of the attorneys who will conduct the

4      trial for each of the parties shall attend the Final Pretrial

5      Conference.  If by reason of illness or other unavoidable

6      circumstance a trial attorney is unable to attend, the attorney

7      who attends in place of the trial attorney shall have equal

8      familiarity with the case and equal authorization to make

9      commitments on behalf of the client.

10         Counsel for all parties are to be fully prepared for trial

11     at the time of the Final Pretrial Conference, with no matters

12     remaining to be accomplished except production of witnesses for

13     oral testimony.

14         The parties shall file, not later than **March 3, 2016,** a

15     Joint Final Pretrial Conference Statement.  The provisions of

16     Local Rules 281 shall apply with respect to the matters to be

17     included in the Joint Final Pretrial Conference Statement.  In

18     addition to those subjects listed in Local Rule 281(b), the

19     parties are to provide the Court with a plain, concise statement

20     that identifies every non-discovery motion tendered to the Court

21     and its resolution.  Failure to comply with Local Rule 281, as

22     modified by this Pretrial Scheduling Order, may be grounds for

23     sanctions.

24         At the time of filing the Joint Final Pretrial Conference

25     Statement, counsel shall also electronically mail to the Court in

26     digital format compatible with Microsoft Word, the Joint Final

27     Pretrial Conference Statement in its entirety including the

28     ///

1  witness and exhibit lists.  **These documents shall be sent to:**

2  **tlnorders@caed.uscourts.gov.**

3      The parties should identify first the core undisputed facts

4  relevant to all claims.  The parties should then, in a concise

5  manner, identify those undisputed core facts that are relevant to

6  each claim.  The disputed facts should be identified in the same

7  manner.  Where the parties are unable to agree as to what

8  disputed facts are properly before the Court for trial, they

9  should nevertheless list all disputed facts asserted by each

10  party.  Each disputed fact or undisputed fact should be

11  separately numbered or lettered.

12      Each party shall identify and concisely list each disputed

13  evidentiary issue which will be the subject of a motion in

14  limine.

15      Each party shall identify the points of law which concisely

16  describe the legal issues of the trial which will be discussed in

17  the parties' respective trial briefs.  Points of law should

18  reflect issues derived from the core undisputed and disputed

19  facts.  Parties shall not include argument or authorities with

20  any point of law.

21      The parties shall prepare a joint statement of the case in

22  plain concise language which will be read to the jury at the

23  beginning of the trial.  The purpose of the joint statement is to

24  inform the jury what the case is about.

25      The parties are reminded that pursuant to Local Rule 281

26  they are required to list in the Joint Final Pretrial Conference

27  Statement all witnesses and exhibits they propose to offer at

28  trial.  After the name of each witness, each party shall provide

a brief statement of the nature of the testimony to be proffered. The parties may file a joint list or each party may file separate lists.  These list(s) shall not be contained in the body of the Joint Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiff's exhibits shall be listed numerically. Defendant's exhibits shall be listed alphabetically.  The parties shall use the standard exhibit stickers provided by the Court Clerk's Office: pink for plaintiff and blue for defendant.  In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce confusion at trial.  All multi-page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered.  All photographs shall be marked individually. The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses.  In the event that Plaintiff and Defendant offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is first identified.  The Court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter.

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied.  On the other hand, the

1  listing of exhibits or witnesses that a party does not intend to

2  offer will be viewed as an abuse of the court's processes.

3      The parties also are reminded that pursuant to Rule 16 of

4  the Federal Rules of Civil Procedure it will be their duty at the

5  Final Pretrial Conference to aid the Court in: (a) the

6  formulation and simplification of issues and the elimination of

7  frivolous claims or defenses; (b) the settling of facts that

8  should properly be admitted; and (c) the avoidance of unnecessary

9  proof and cumulative evidence.  Counsel must cooperatively

10 prepare the Joint Final Pretrial Conference Statement and

11 participate in good faith at the Final Pretrial Conference with

12 these aims in mind.  A failure to do so may result in the

13 imposition of sanctions which may include monetary sanctions,

14 orders precluding proof, elimination of claims or defenses, or

15 such other sanctions as the Court deems appropriate.

16     VIII.  <u>TRIAL BRIEFS</u>

17     The parties shall file trial briefs not later than fourteen

18 (14) days before trial.  Counsel are directed to Local Rule 285

19 regarding the content of trial briefs.

20     IX.   <u>EVIDENTIARY AND/OR PROCEDURAL MOTIONS</u>

21     It is the Court's practice to hear motions in limine on the

22 first day of trial.  However, depending on the number and nature

23 of the parties' motions, the need to special set a hearing date

24 to hear such motions shall be addressed at the Final Pretrial

25 Conference.

26 ///

27 ///

28 ///

1

X.    TRIAL SETTING

2

The trial is set for **May 9, 2016,** at **9:00 a.m.** Trial will

3

be a bench trial.  The parties estimate a trial length of **two to**

4

**four (2-4) days.**

5

XI.    SETTLEMENT CONFERENCE

6

A Settlement Conference is set before Magistrate Judge

7

Carolyn K. Delaney, on **March 16, 2015,** at **9:30 a.m.** Each party

8

is directed to have a principal capable of disposition at the

9

Settlement Conference or to be fully authorized to settle the

10

matter on any terms at the Settlement Conference.

11

Each party is directed to submit to the chambers of

12

Judge Carolyn K. Delaney confidential settlement conference

13

statements not later than **March 09, 2015,** to

14

ckdorders@caed.uscourts.gov.  Such statements are neither to be

15

filed with the clerk nor served on opposing counsel.  However,

16

each party shall notify the other party that the statement has

17

been submitted to the judge's chambers.

18

XII.    VOLUNTARY DISPUTE RESOLUTION PROGRAM

19

Pursuant to Local Rule 271, parties may stipulate at any

20

stage in the proceedings to refer the action, in whole or in

21

part, to the Voluntary Dispute Resolution Program.

22

XIII.  MODIFICATION OF PRETRIAL SCHEDULING ORDER

23

The parties are reminded that pursuant to Rule 16(b) of the

24

Federal Rules of Civil Procedure, the Pretrial Scheduling Order

25

shall not be modified except by leave of court upon a showing of

26

**good cause.**  Agreement by the parties pursuant to stipulation

27

alone to modify the Pretrial Scheduling Order does not constitute

28

good cause.  Except in extraordinary circumstances,

1  unavailability of witnesses or counsel will not constitute good

2  cause.

3       XIV.   OBJECTIONS TO PRETRIAL SCHEDULING ORDER

4       This Pretrial Scheduling Order will become final without

5  further order of the Court unless objections are filed within

6  fourteen (14) days of service of this Order.

7       IT IS SO ORDERED.

8  DATED:  December 05, 2014

9

10

11                                    _____

12                                    Troy L. Nunley
                                      United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11